Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000417
10-JAN-2014
08:09 AM

NO. CAAP-11-0000417

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOHN GANJALI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CR. NO. 1P110-4458)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant John Ganjali (**Ganjali**) appeals from the Notice of Entry of Judgment and/or Order, filed on January 25, 2011, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

Ganjali was found guilty of Harassment, in violation of Hawaii Revised Statutes (**HRS**) § 711-1106(1)(b) (Supp. 2010).

On appeal, Ganjali contends: (1) there was insufficient evidence to convict him of Harassment; (2) the District Court erred by denying his motion for a new trial; (3) the District Court erred by failing to, *sua sponte*, hold an evidentiary hearing on his motion for new trial; (4) the District Court plainly erred by failing to make sufficient findings of fact to permit meaningful appellate review; and (5) the District Court erred by applying a preponderance of the evidence standard, instead of proof beyond a reasonable doubt when finding him guilty.

---

[1] The Honorable Leslie Hayashi presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ganjali's points of error as follows:

(1) When the evidence adduced in the trial is considered in the strongest light for the prosecution, there was substantial evidence to support Ganjali's conviction for Harassment. State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

HRS § 711-1106(1)(b) provides:

> § 711-1106 Harassment. (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
>
> . . . .
>
> (b)  Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another[.]

Based on the complaining witness's testimony, which the District Court found to be credible, it appears that Ganjali insulted, taunted, or challenged the complaining witness in a manner that would cause the complaining witness to reasonably believe that Ganjali intended to cause bodily injury to the complaining witness or damage to his property. Ganjali reportedly yelled at the complaining witness that if he touched Ganjali's car, Ganjali would break the complaining witness's neck. The complaining witness testified that Ganjali then went under a chain between himself and the complaining witness, approached with a closed fist, stated that he was going to "get [the complainant's] ass," and stuck his closed fist in through the window of the complaining witness's truck, although Ganjali did not attempt to hit the complainant. The complaining witness stated that he feared for his life.

"And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." State v. Batson,

73 Haw. 236, 249, 831 P.2d 924, 931 (1992). It was reasonable for the trial judge to infer that Ganjali intended to harass, annoy, or alarm the complaining witness when Ganjali committed the acts described in the complaining witness's testimony. Although Ganjali denied committing those acts, the District Court found the complaining witness to be more 'credible than Ganjali.

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (brackets, citations and internal quotation marks omitted; block quote format changed).

Accordingly, we reject Ganjali's argument that the evidence was insufficient to support his conviction.

(2) Ganjali challenges the District Court's denial of Ganjali's motion for a new trial, which motion was based on "new evidence," specifically the complaining witness's statements at the time of Ganjali's sentencing. "A motion for new trial based on newly discovered evidence will be granted only if all of the following requirements have been satisfied: (1) the evidence has been discovered after trial; (2) such evidence could not have been discovered before or at trial through the exercise of due diligence; (3) the evidence is material to the issues and not cumulative or offered solely for purposes of impeachment; and (4) the evidence is of such a nature as would probably change the result of a later trial." State v. Teves, 5 Haw. App. 90, 94, 679 P.2d 136, 140 (1984) (citing Terr. v. Abad, 39 Haw. 393, 395 (1952)). The District Court did not abuse its discretion by concluding that Ganjali failed to meet the requirements to grant a new trial based on newly discovered evidence because, inter alia, the new evidence was offered solely to show that the complaining witness was untruthful and delusional, i.e., to impeach the complaining witness.

(3) We conclude that Ganjali's contention that the District Court erred by failing to, sua sponte, hold an evidentiary hearing on his motion for new trial is without merit.

(4)    Upon review of the record, including the transcript of the January 25, 2011 proceedings, we reject Ganjali's argument that the District Court's findings were insufficient to permit meaningful appellate review.

(5)    Based on the evidence presented at trial, the District Court concluded that the State had proven all three elements of the offense of Harassment beyond a reasonable doubt. Ganjali's argument that the District Court applied an improper standard is baseless.

For these reasons, we affirm the District Court's January 25, 2011 Notice of Entry of Judgment and/or Order.

DATED: Honolulu, Hawai'i, January 10, 2014.

On the briefs:

Earle A. Partington
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge